UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WAYSTAR ENVY, INC., ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CASE NO. |
| JOSHUA LYBOLT; A PRIME REAL ) | |
| ESTATE CORPORATION, LLC; and ) | |
| COMMISSIONS FAST, LLC ) | |
|     Defendants. ) | |

## COMPLAINT

COMES NOW, Plaintiff Waystar Envy, Inc., through its attorneys Chad W. Nally and Schuyler D. Geller, of Burke Costanza & Carberry LLP, and for its Complaint against Defendants, Joshua Lybolt, A Prime Real Estate Corporation, LLC, and Commission Fast, LLC, now states as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff, Waystar Envy, Inc. ("Waystar") is a Delaware Corporation with a principal place of business in Wilmington Delaware. Waystar is the assignee of the original Lender's (collectively "Lender") rights and interests arising out of the October 18, 2018 Loan and Security Agreement, Promissory Note, and Personal Guaranty Agreements with Defendants (collective "Loan Documents") that form the basis of this action.

2. Defendant Joshua Lybolt ("Lybolt") is an Indiana resident, residing in St. John Indiana.

3. Defendant A Prime Real Estate Corporation, LLC ("Prime") is an Indiana limited liability company, with a principal place of business located at 123 N. Main St., Suite 007, Crown

Point, IN, 46307. Prime's members are Joshua Lybolt, an Indiana resident and Magdalena Lybolt, an Indiana resident.

4. Defendant Commissions Fast, LLC, ("Commissions Fast") is an Indiana limited liability company, with a principal place of business located at 123 N. Main St., Suite 007, Crown Point, IN, 46307. Commission Fast's sole member is Joshua Lybolt, an Indiana resident.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332, in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs.

6. Venue is proper pursuant to 28 U.S.C § 1391(b)(1) because all defendant are residents of this State and reside in this district.

## General Allegations

7. Defendant Prime provides real estate brokerage services through a network of licensed real estate agents and earns commissions when such services facilitate the sale or lease of real estate, a portion of which Prime pays to the Agent provident the brokerage services when the related real estate transaction closes.

8. Defendant Commissions Fast offers advances to Agents after a real estate sale or lease contract is executed but before the related Closing and in consideration therefor, the Agents who obtain such advances pledge or assign their interest in commissions due in connection with the related Closing to Commission Fast.

9. Lybolt is a real estate professional and self-styled "serial entrepreneur", and is the majority member of Prime and the sole member of Commission Fast. Lybolt manages and controls Prime and Commission Fast.

10. On or about October 18, 2018, Lybolt on behalf of Prime and Commission Fast requested a loan of $350,000 from Lender to fund their operations (the "Loan"), including to make advances to Agents as described above, and in connection therewith, Prime and Commission Fast agreed to pledge collateral to secure the performance of their obligations. Lender agreed and the parties executed a Promissory Note and Loan and Security Agreement, (attached as Exhibit A), and a Personal Guaranty and Pledge Agreement by Lybolt to and in favor of Lender, (attached as Exhibit B).

11. To secure the repayment of the Loan, Prime and Commissions Fast granted a continuing first priority security interest in certain collateral defined in Section 3 of the Loan and Security Agreement – including but not limited to Receivables of Prime and Commissions Fast, as defined therein, and all right title and interests under all Sales Contracts and Commission Assignment Documents relating to the Receivables. Defendants also expressly authorized the filing of UCC financing statements and all other appropriate instruments evidencing Plaintiff's security interest in the collateral. (A true and correct copy of the UCC Financing Statements is attached as Exhibit C)

12. Pursuant to Section 9(f) of the Loan and Security Agreement, Defendants Prime and Commissions Fast were obligated to provide "Receivable Reports" to Plaintiff on the 1st and 15th day of each month, but failed to do so.

**<u>Count I</u>**
**Breach of the Promissory Note and Loan and Security Agreement – Prime and Commissions Fast**

13. The Loan had a maturity date of "the earlier of (a) April 17, 2019, and (b) the date on which the Lender accelerates the amounts due under the Note …after the Event of Default" per the Loan and Security Agreement. (Exhibit A) Based on certain representations by Lybolt, the

maturity date was later extended several times, with the most resent maturity date being to September 9, 2019.

14. Plaintiff has fully performed under the Agreements with Defendants.

15. Defendants have not paid Plaintiff the amounts due under the Promissory Note and Loan and Security Agreement as of the maturity date.

16. Pursuant to the Loan and Security Agreement, Promissory Note, and Personal Guaranty, Defendants and are in default of their oblations and the entire unpaid balance is immediately due and owing.

17. On September 10, 2019, Lender issued a Notice of Default to Defendants pursuant to section 9(d) of the Loan and Security Agreement.

18. In addition to the principal and interest, pursuant to the Loan and Security Agreement, Plaintiff is entitled to recover all fees and costs incurred by it in enforcing these agreements.

19. Plaintiff is entitled to enforce all security interests granted by Defendants to secure their obligations, as evidenced by Exhibit C.

WHEREFORE, Plaintiff Waystar Envy, Inc. hereby requests that this Court enter judgement in its favor against Defendants A Prime Real Estate Corporation, LLC and Commission Fast, LLC in an amount to be proven at trial but not less than the principal sum of $363,533.33, with per diem interest of $233.33 continuing to accrue, attorneys' fees and costs, and all other and further relief as this Court deems just and proper.

## Count II
**Breach of the Personal Guaranty and Pledge Agreement – Joshua Lybolt**

20. Plaintiff adopts and realleges the allegations of paragraphs 1 through 18 as if fully set forth herein.

4

21. Lybolt personally guaranteed the debts and obligations of Defendants Prime and Commissions Fast under the Loan and Security Agreement and Note. (Exhibit B)

22. Lybolt also pledged his equity interest in Prime and Commissions Fast ("Equity Interest") to Plaintiff and granted Plaintiff a first priority security interest in those interests. (Exhibit B, paragraph 2).

23. Pursuant to Paragraph 3 (a) of the Personal Guaranty and Pledge Agreement, Lybolt agreed as follows:

> (a) Until the later of (i) the repayment of the Loan under the Loan Agreement in full and five (5) years following the Lender's foreclosure of the Pledged Interest pursuant to Section 2(e), Guarantor shall not in any manner, directly or indirectly, whether as an independent contractor, lender, advisor, consultant, owner, proprietor, principal, partner, equity holder, member, agent or representative, or in any other role, invest, engage, participate or become interested in, or otherwise render services to or for, any Person engaged in owning or operating any enterprise (i) providing real estate brokerage service of any kind, including but not limited to leasing, selling or purchasing real estate that is directly competitive to Prime (as it exists on or prior to the Transfer Date) in Indiana or anywhere else in the United States where either Borrower operates or (ii) financing real estate commissions or otherwise engaging in the financing or factoring business in which Commissions Fast engages as of the date hereof. Guarantor acknowledges that the time period, geographic area, and scope of activity contained in this restrictive covenant are reasonable and are necessary to protect Lender's interests.

24. Upon information and belief, Lybolt has engaged in competitive activity in violation of paragraph 3(a) of the Personal Guaranty and Pledge Agreement. Pursuant to 3(b) of the Guaranty, Lybolt acknowledged the risk that Plaintiff may suffer irreparable harm from a violation of paragraph 3(a) and expressly authorized Plaintiff to seek appropriate injunctive relief.

WHEREFORE, Plaintiff Waystar Envy, Inc. hereby requests that this Court enter judgement in its favor against Defendant Joshua David Lybolt in an amount to be proven at trial but not less than the principal sum of $363,533.33, with per diem interest of $233.33 continuing

to accrue, attorneys' fees and costs, and further enjoining Lybolt from engaging in competitive activity in violation of paragraph 3 of the Personal Guaranty and Pledge Agreement until Plaintiff is paid in full, and granting all other and further relief as this Court deems just and proper.

>Respectfully submitted,
>
>BURKE COSTANZA & CARBERRY LLP
>Attorneys for Plaintiff
>
>/s/ Schuyler D. Geller
>Schuyler D. Geller #33699-45
>Chad W. Nally
>9191 Broadway
>Merrillville, IN 46410
>(219) 769-1313 / Fax (219) 769-6806
>geller@bcclegal.com